IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTONIO M. BOGAN,          ) | |
|                                                  ) | |
|     Plaintiff,                    ) | |
|                                                  ) | |
| vs.                                         ) | Case No. 15 C 7631 |
|                                                  ) | |
| WEXFORD HEALTH SOURCES, ) | |
| JILL PARRISH, JOSE SUERO, ) | |
| CHRISTOPHER MARKEE,      ) | |
| and JON WILES,                    ) | |
|                                                  ) | |
|     Defendants.              ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Antonio Bogan has sued Wexford Health Sources, an Illinois Department of Corrections grievance officer, two correctional officers, and a correctional sergeant, concerning his medical care while at the Stateville Correctional Center's Northern Reception Center (NRC) from March through October 2015. The defendants other than Wexford moved to dismiss for failure to state a claim. The Court denied the motion to dismiss by grievance officer Jill Parrish. In this order, the Court considers the motions to dismiss by defendants Jose Suero, Christopher Markee, and Jon Wiles.

### Facts

The Court takes the facts from the allegations in Bogan's second amended complaint. Bogan was processed into the NRC on March 24, 2015 and began to serve a thirty-year prison sentence. He alleges that starting about ten days later, he began to experience pain in his abdomen, groin, and penis while urinating and pain in his

abdomen when his bowels moved, as well as blood in his stool.[1] He alleges that he made repeated requests for medical treatment, including medical request slips and a grievance that he submitted more than once, but that these were all ignored. Finally, on September 23, 2015, after Bogan had resubmitted his grievance as an "emergency" grievance, the prison's warden responded that the grievance did not present an emergency and that it should be presented through normal channels (which Bogan had already done, months earlier, to no effect).

The events most directly relevant to the present motion to dismiss took place on October 5-6, 2015. On October 5, 2015 around 11:00 a.m., Bogan, who was housed on U-gallery, experienced severe stomach pain and nausea, as well as blood in his stool. A few minutes later, he vomited blood and informed the correctional officer on duty, officer Tucker, who was assigned to U-gallery for the 7:00 a.m.—3:00 p.m. shift. Tucker called a nurse and informed Bogan that the nurse said she was on her way to U-gallery.

Bogan says that after three hours a nurse had still not visited him, so at 2:00 p.m., he began yelling out of his cell for Tucker. Defendant Jose Suero, also a correctional officer, informed Bogan that Tucker was on break. Bogan alleges that he explained his condition and requests for assistance to Suero, who replied that he was not the gallery officer and could not help Bogan. Bogan says that he then pressed the emergency call button in his cell, and another correctional officer replied and asked what Bogan's medical emergency was. Bogan explained his condition and his repeated attempts to get medical attention. The unnamed officer replied that it was not an emergency and that Bogan should talk to the gallery officer. When Bogan continued to

---

[1] Bogan also alleges that he experienced a severe dental problem, but that is not relevant to the individual defendants' motion to dismiss.

2

request help, the officer said, "good luck with getting out [of] your cell to Health Care," and she hung up on him.

Frustrated, Bogan then opened the chuckhole in his cell and began pouring water into the gallery while yelling to Suero that he wanted to talk to a sergeant or lieutenant. He says that Suero yelled, "F--- you! You ain't speaking to no one." Suero then left the gallery and returned with correctional officer Christopher Markee, who is also a defendant. Bogan says that he explained his situation to Suero and Markee but that both refused to help him, so he continued pouring water into the gallery.

Bogan alleges that Suero and Markee then called for defendant Jon Wiles, a sergeant. Bogan says that Suero and Markee falsely accused Bogan of assaulting them with an unknown liquid and asked Wiles to help escort Bogan to disciplinary segregation. Bogan alleges that he tried to explain to Wiles that he was in pain and excreting blood in his bowel movements and vomit. He says, however, that Wiles would not listen and threatened to spray Bogan with mace if he did not "cuff up."

Once Bogan arrived at the disciplinary segregation unit, he explained his condition to Lieutenant Bethea, who directed a correctional officer to take him to the health care unit. At the health care unit, Bogan spoke with a nurse and explained his condition. No doctor saw him then (though Bogan says several were available) but Bogan was scheduled to see a doctor the next day, October 6. On October 6, Bogan was examined by Dr. Owikoti, who allegedly said he did not believe he would find anything serious if he examined Bogan further but scheduled him for lab testing. On October 8, Bogan was still experiencing pain. He was taken to the lab, where he had blood drawn and gave a urine sample. Bogan was then prescribed hemorrhoid cream

3

and a laxative.

## Discussion

Suero, Markee, and Wiles have moved to dismiss Bogan's claims against them for failure to state a claim. To survive such a motion, a complaint's factual allegations must be sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court takes as true all well-pleaded factual allegations in the complaint and draws reasonable inferences from those facts in favor of the plaintiff. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

Bogan has sued the defendants for violation of the Eighth Amendment's prohibition against cruel and unusual punishment. To prevail against a particular defendant, Bogan must establish that the defendant was deliberately indifferent to his serious medical need and that he was harmed or exposed to a significant risk of harm as a result. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994); *Belbachir v. Cty. of McHenry*, 726 F.3d 975, 979 (7th Cir. 2013). *See generally Henderson v. Sheahan*, 199 F.3d 839, 848 (7th Cir. 1999) (damages are available under section 1983 only where constitutional violation causes cognizable legal harm).

The first question is whether Bogan has sufficiently alleged that he had an objectively serious medical need. *Farmer,* 511 U.S. at 837. A medical need is objectively serious when the condition "is so obvious that even a lay person would perceive the need for a doctor's attention." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (quoting *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011)). It need not be life-threatening or even produce observable symptoms. *See Johnson v. Snyder*, 444 F.3d

4

579, 585 (7th Cir. 2006). Blood in one's stools and vomiting blood qualify. *See, e.g., Gayton v. McCoy*, 593 F.3d 610, 621 (7th Cir. 2010) (blood in vomit); *Greeno v. Litscher*, 13 F. App'x 370, 375 (7th Cir. 2001) (vomiting of blood); *Hoak v. Attorney Gen.*, No. 1:12-CV-00550-BLW, 2013 WL 2382722, at *6 (D. Idaho May 29, 2013 (blood in stool).

A correctional official is deliberately indifferent to an inmate's serious medical need if he is subjectively aware of the need and consciously disregards it. *Farmer*, 511 U.S. at 837. Bogan alleges that he complained to Suero, Markee, and Wiles about his conditions, including painful urination, abdominal pain, and blood in his stools and vomit and that they ignored his requests for medical care. This is a sufficient allegation of their deliberate indifference. *See Thomas v. Cook Cnty. Sheriff's Dep't*, 588 F.3d 445, 453 (7th Cir. 2009) (knowledge may be inferred from combination of symptoms and complaints).

Bogan's claim against Suero, Markee, and Wiles founders, however on the element of causation. If what Bogan is saying is right, each of these defendants was deliberately indifferent to his condition when they dealt with him on October 5. But once they took him to disciplinary segregation, Bogan saw a medical professional—a nurse— that same day due to the actions of the lieutenant in the segregation unit. And Bogan saw a doctor the very next day. Although there was a one-day delay, the complaint does not plausibly allege that Suero, Markee, or Wiles had anything to do with that. Further, Bogan does not allege that this one-day delay caused him harm. *See Jackson v. Kotter*, 541 F.3d 688, 698 (7th Cir. 2008) (brief delay in treatment insufficient to state claim). As the court stated in *Hoak*:

5

> [p]ersons who are not incarcerated rarely are able to obtain same-day
> medical care, unless in a circumstance that is instantly life-threatening.
> While blood in one's stool can be a sign of a serious illness, it is generally
> one that will require testing and analysis that cannot always be done the
> same day that medical care is requested.

*Hoak*, 2013 WL 2382722, at *6.

In sum, Bogan has plausibly alleged that he had a serious medical condition, that Suero, Markee, and Wiles were aware of it, and that they consciously ignored it. He has not plausibly alleged, however, that their deliberate indifference caused him harm or subjected him to a risk of harm. Although Bogan has a viable claim against those who allegedly delayed his medical treatment in the weeks and months before October 5, the Court dismisses his claims against Suero, Markee, and Wiles for failure to state a claim.

## Conclusion

For the reasons stated above, the Court grants the motion to dismiss by defendants Suero, Markee, and Wiles.

Date: July 31, 2016

_____
MATTHEW F. KENNELLY
United States District Judge