**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ANTONIO BOGAN,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**WEXFORD HEALTH SOURCES, JILL PARRISH, JOSE SUERO, CHRISTOPHER MARKEE, JON WILES, CLAUDE OWIKOTI, DEBBIE KNAUER, CHARLES BEST, BRENNA GEORGE, MAJOR PRENTISS, and OFFICER EDWARDS,**<br><br>**Defendants.** | **)** | **Case No. 15 C 7631** |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

Plaintiff Antonio Bogan has sued Wexford Health Sources and a number of correctional officers and employees at Stateville Correctional Center's Northern Reception Center (NRC). Bogan alleges that certain defendants violated the Eighth Amendment's prohibition against cruel and unusual punishment by denying him necessary medical care and unjustly subjecting him to discipline. Bogan also alleges that certain defendants failed to conduct his disciplinary hearing consistent with due process. He also asserts a conversion claim under Illinois law arising from the deprivation of his personal property. Defendants Jose Suero, Christopher Markee, Jon Wiles, Charles Best, Brenna George, and Debbie Knauer have moved to dismiss Bogan's claims against them for failure to state a claim.

## Facts

The Court takes the facts from the allegations in Bogan's third amended complaint. Bogan was processed into the NRC on March 24, 2015. Approximately ten days later, he experienced blood in his stool; pain in his penis when urinating; and pain in his stomach, groin, and teeth. Bogan sent multiple request slips to the Healthcare Unit describing his medical problems. He also communicated his problems to correctional staff. When he did not receive a response, he filed a grievance on July 12, 2015. A correctional counselor answered Bogan's grievance and requested that a doctor and dentist visit him. But he still did not receive medical attention. Bogan resubmitted his grievance multiple times over a two-month period. When his grievances remained unanswered, Bogan submitted an emergency grievance on September 14, 2015. Nine days later Bogan found his grievance form returned to him, signed by the Chief Administrative Officer, with a direction to submit a grievance in the normal manner.

On October 5, 2015, Bogan experienced nausea, severe stomach pains, and blood in his vomit and stool while in his cell in the U-gallery. He notified the on-duty correctional officer, who informed Bogan that a nurse would visit him. When three hours passed without seeing a nurse, Bogan yelled out for the correctional officer. Defendant Jose Suero responded that he was not the gallery officer and could not help Bogan. Bogan then pressed the emergency call button in his cell. An unknown correctional officer answered his call. After Bogan explained his condition and attempts to get medical attention, the unknown officer told him, "That's not a medical emergency" and "Talk to your gallery officer." Bogan explained that Suero had refused to help and

that he needed medical attention as soon as possible. The unknown officer responded, "Well good luck with getting out your cell to Health Care," and he disconnected the call.

Bogan then opened his chuckhole, poured water into the gallery, and yelled to Suero that he needed medical help and wanted to see a sergeant or a lieutenant. Suero yelled, "F--- you! You ain't speaking to no one," and then he left the gallery. When Suero returned with defendant Christopher Markee, an acting sergeant, Bogan explained his condition to them. They refused to help, prompting Bogan to again pour water into the gallery in an attempt to get medical help or to get a sergeant or lieutenant to speak to him. Suero and Markee then left the gallery and returned with defendant Jon Wiles, a sergeant. When Bogan explained his condition, Wiles responded by threatening to spray Bogan with mace if he didn't "cuff up."' Suero, Markee, and Wiles then took Bogan in handcuffs to the B-gallery and placed him in disciplinary segregation there. Later, Bogan visited the healthcare unit and was seen by a nurse. The following day, a doctor examined him and prescribed a hemorrhoid cream and Fiberlax caps.

After taking Bogan to the B-gallery, Wiles directed Suero and Markee to transfer Bogan's personal property from his U-gallery cell to his B-gallery cell. Suero and Markee delivered Bogan's property to an unknown correctional officer, who then delivered it to Bogan's B-gallery cell. Neither Suero nor Markee prepared the required inventory sheet to identify the property removed from Bogan's U-gallery cell. Bogan discovered that items were missing. His verbal and grievance requests to return the missing items were denied.

On October 7, 2015, an adjustment committee comprising defendants Charles

Best and Brenna George[1] held a hearing based on a disciplinary report submitted by Suero. Bogan alleges that Suero's report gave a false account of the incident on October 5. Bogan also alleges that Best and George did not permit him to present or view evidence that would contradict Suero's report and that they did not seek or obtain corroborating evidence from Markee or Wiles. Best and George found Bogan guilty of assaulting a staff member and of damaging or misusing property. They sentenced him to one year of disciplinary segregation, among other punishments. Defendant Debbie Knauer, a member of the administrative review board, approved the sanction.

## Discussion

Suero, Markee, Wiles, Best, George, and Knauer have moved to dismiss Bogan's claims against them for failure to state a claim. To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual allegations, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Detailed factual allegations are not necessary. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But the plaintiff must allege enough facts to raise his right to relief above a speculative level. *Huon v. Denton*, 841 F.3d 733, 742 (7th Cir. 2016).

### 1. Count 2 – Eighth Amendment claim regarding disciplinary segregation

In count 2 of his third amended complaint, Bogan alleges that defendants Suero,

[1] The complaint alleges that "an Adjustment Committee comprising Defendants Best and Charles held a hearing . . . ." 3d Am. Compl. ¶ 44. 'This appears to be an error. The first and last name of one defendant is Charles Best. Plaintiff's complaint and defendants' motion and reply refer to defendant Best and defendant George. Therefore, the Court will refer to defendants Best and George instead of defendants Best and Charles.

Markee, Wiles, Best, George, and Knauer violated his rights under the Eighth Amendment in connection with the imposition of a one year term in disciplinary segregation. Specifically, Bogan alleges that Suero, Markee, and Wiles participated in his unjust placement in segregation and that Best, George, and Knauer participated in the imposition of unjustly severe punishment.

The Eighth Amendment prohibits the infliction of cruel and unusual punishment. A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged must be objectively, sufficiently serious, and (2) the prison official must have a sufficiently culpable state of mind. *See, e.g., Pearson v. Ramos*, 237 F.3d 881, 889 (7th Cir. 2001) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

At issue is whether Bogan has alleged enough facts to permit an inference that his sanction of one year in disciplinary segregation constitutes an objectively, sufficiently serious deprivation. An inmate can allege a sufficient deprivation two ways: by alleging how conditions in segregation posed a substantial risk of serious harm, or by alleging the segregation sanction was grossly disproportionate to the offense. *Anderson v. Morrison*, 835 F.3d 681, 682 (7th Cir. 2016); *Pearson v. Ramos*, 237 F.3d 881, 885-86 (7th Cir. 2001).

**a. Placement in segregation - Suero, Markee, and Wiles**

Bogan's claim against Suero, Markee, and Wiles arises from their roles in causing him to be charged with the offense that resulted in imposition of segregation. The defendants argue, among other things, that the deprivation is insufficiently severe to implicate Bogan's Eighth Amendment rights.

The Eighth Amendment affords inmates "the minimal civilized measures of life's

necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Prison officials must ensure inmates receive adequate food, clothing, shelter, medical care, and safety. *Id*. at 832. But because discomfort is part of the penalty inmates pay for their offenses, only significant deprivations involving conditions of confinement violate the Eighth Amendment. *McCree v. Sherrod*, 408 F. App'x 990, 992 (7th Cir. 2011) (citing *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). Unwarranted placement in disciplinary segregation is not enough to give rise to an Eighth Amendment violation. *Goetsch v. Ley*, 444 F. App'x 85, 89 (7th Cir. 2011). Instead, an inmate must allege that conditions in segregation deprived him of the minimal necessities of life or posed a substantial risk of serious harm. *Sanville v. McCaughtry*, 266 F.3d 724, 733 (7th Cir. 2001).

A prison official does not subject an inmate to cruel and unusual punishment by merely keeping him in disciplinary segregation. Prison officials sanctioned the plaintiff in *Goetsch* to four months in segregation for harming himself. *Goetsch*, 444 F. App'x at 87. The Seventh Circuit concluded that the plaintiff's stay in segregation did not deprive him of the minimal necessities of life and affirmed the dismissal of his Eighth Amendment claim. *Id*. at 90. *Compare Gray v. Hardy*, 826 F.3d 1000, 1006 (7th Cir. 2016) (plaintiff alleged enough facts to suggest that unsanitary conditions and insect infestations in his prison cell deprived him of rudimentary sanitation in violation of the Eighth Amendment).

Bogan contends only that his placement in segregation itself constituted an Eighth Amendment violation. He alleges no facts to suggest his stay in segregation deprived him of basic human needs. For this reason, Suero, Markee, and Wiles, who are sued for wrongfully causing Bogan to be placed in segregation and are not claimed

to be responsible for the amount of segregation imposed, are entitled to dismissal of count 2.

**b. Disproportionality - Best, George, and Knauer**

The Eighth Amendment also embodies a principle of proportionality. *Leslie v. Doyle*, 125 F.3d 1132, 1135 (7th Cir. 1997). A punishment violates the Eighth Amendment when it is grossly disproportionate to the severity of the inmate's conduct. *Whitman v. Nesic*, 368 F.3d 931, 934 (7th Cir. 2004). A "norm of proportionality" determines the acceptable extent and nature of the punishment in question. *Pearson*, 237 F.3d at 885. For example, though an inmate who refuses to shave his beard typically would not warrant disciplinary segregation, an inmate who plans an escape may rightly receive an extended period in segregation. *Adams v. Carlson*, 488 F.2d 619, 636 (7th Cir. 1973). Factors considered include the circumstances surrounding the contended offense, the prisoner's disciplinary record, and the offense for which he was originally incarcerated. *Coleman v. Baldwin*, No. 15 C 5596, 2016 WL 537970, at *3 (N.D. Ill. Feb. 11, 2016) (citing *Madyun v. Franzen*, 704 F.2d 954, 961 (7th Cir. 1983)).

In *Pearson*, the Seventh Circuit found that a ninety-day denial of yard privileges for each of the plaintiff's four prison violations was not disproportionate. *Pearson*, 237 F.3d at 885. The infractions the plaintiff committed included attacking an inmate and guard, setting a fire, spitting in a guard's face, and throwing bodily fluids at a medical technician, all of which occurred within a six-month period. Prison disciplinary officials reasoned that preventing plaintiff from access to the yard would protect others from violence. *See also Higgason v. Davis*, 32 F. App'x 767, 767-68 (7th Cir. 2002) (finding that prison officials did not violate the Eighth Amendment for sanctioning an inmate with

a 180-day loss of good time credit for disorderly conduct).

A brief stay in disciplinary segregation does not necessarily trigger an Eighth Amendment violation even if the charge is unfounded. The prison disciplinary board in *Leslie* sanctioned the plaintiff to fifteen days in disciplinary segregation. *Leslie*, 125 F.3d at 1132-33. The board ultimately found the charge against the plaintiff baseless but reached this conclusion after the plaintiff served his time. *Id.* The court agreed with the plaintiff that a punishment imposed for no offense is disproportionate. *Id.* at 1135. The court concluded, however, that a short stay in segregation does not create a cognizable Eighth Amendment claim, because the sanction is not objectively sufficiently serious. *Id.* The court upheld the dismissal of Leslie's claim, stating that "[u]nconstitutional disproportionality of punishment . . . generally requires punishment far more severe than 15 days in segregation, usually for offenses less dangerous than refusal to submit to a search." *Id.*

Bogan was consigned to disciplinary segregation for a full year, and his conduct—throwing water out of his chuckhole to try to get officers' attention for his medical needs—though perhaps significant in the prison context, did not involve violence. How Bogan's disciplinary record and original incarceration offense would impact the question of proportionality is unclear, as these facts are not before the Court at this point. On the current state of the record, the Court is not prepared to dismiss Bogan's Eighth Amendment claim against Best, George, and Knauer for imposing a disproportionate disciplinary sanction.[2] The Court therefore denies their motion to dismiss count 2.

---

[2] The Court notes that defendants have not yet asserted a qualified immunity defense.

### 2. Count 3 - Due process claim

The Due Process Clause entitles a prisoner to certain basic procedural protections in a prison disciplinary proceeding. *Lagerstrom v. Kingston*, 463 F.3d 621, 623 (7th Cir. 2006). Specifically, due process requires (1) advance written notice of the disciplinary charge; (2) the opportunity to call witnesses and present documentary evidence in one's defense; (3) the opportunity to be heard before an impartial body; and (4) a written statement by the decision maker of the evidence relied upon and the basis for the decision. *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007) (citing *Wolff v. McDonnell,* 418 U.S. 539, 564–66 (1974)). Due process also requires prison officials to support their disciplinary decisions with at least some evidence. *Scruggs*, 485 F.3d at 941 (citing *Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985)). Bogan alleges that he was denied the opportunity to present evidence in his defense and that the disciplinary board had insufficient evidence to support its decision.

#### a. Opportunity to present evidence - Best, George, and Knauer

An inmate has a due process right to call witnesses and present documentary evidence at his disciplinary hearing. *Scruggs*, 485 F.3d at 939 (citing *Wolff,* 418 U.S. at 564–66). However, this right is qualified. An inmate does not have the right to call witnesses or present evidence that would jeopardize institutional safety or that is irrelevant, repetitive, or unnecessary. *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003) (citing *Wolff,* 418 U.S. at 566). Testimony is irrelevant, repetitive, or unnecessary when it would not change the outcome of the disciplinary proceeding. *Shigemura v. Duft*, 111 F. App'x 843, 845 (7th Cir. 2004).

When a plaintiff does not allege the nature of the missing evidence or testimony, he fails to state a due process claim. *See Boyd v. Finnan*, 348 F. App'x 160, 162 (7th Cir. 2009). Similarly, a plaintiff fails to state a due process claim when he does not describe how the missing evidence or testimony would have changed the outcome of his disciplinary hearing. *See Piggie*, 344 F.3d at 678.

Bogan alleges the defendants did not allow him to present or view evidence that would contradict the defendant's account. But he does not identify the evidence he would have presented or explain its utility. (Bogan also does not address the statement, "No Witness Requested," on the adjustment committee's final summary report.) The Court concludes that Bogan has not alleged facts sufficient to give rise to a plausible claim that prison officials violated his due process rights.

**b. Sufficiency of evidence - Best, George, and Knauer**

Due process also requires prison officials to support their disciplinary decisions on at least some evidence. *Scruggs*, 485 F.3d at 941 (citing *Hill*, 472 U.S. at 455). This threshold is low and requires only "a modicum of evidence." *Hill*, 472 U.S. at 455-57. Courts typically defer to the findings of a prison disciplinary board. *Wilson-El v. Finnan*, 281 F. App'x 589, 591 (7th Cir. 2008). Therefore, a court typically will not reassess a prison disciplinary authority's decision unless the plaintiff produces exculpatory evidence that directly undercuts the reliability of the evidence the prison authority relied upon. *Meeks v. McBride*, 81 F.3d 717, 720-22 (7th Cir. 1996).

Bogan has not alleged facts that give rise to a plausible claim that the disciplinary decision was based on insufficient evidence. The adjustment committee explained the basis for its decision in its final summary report. The report specified that Bogan

"popped his chuckhole . . . and hit the R/O and Acting Sgt Marker with a [sic] unknown liquid" and that Bogan "admit[ted] to the committee that he threw a liquid out of his cell." 3d Am. Compl., Ex. 3. Bogan attempts to justified his conduct on the ground that he had a good reason to throw water out of his cell. But the disciplinary committee was not required to accept this as a defense to the infraction. In addition, Bogan's allegation that he has evidence that contradicts the evidence relied upon to support the charges is deficient, because he has not described the nature of this evidence. Best, George, and Knauer are entitled to dismissal of count 3 for failure to state a claim.

**3. Count 4 - Conversion claim**

To state a claim for conversion in Illinois, a plaintiff must allege: (1) a right to property; (2) an absolute and unconditional right to immediate possession of property; (3) demand for possession; and (4) that defendant wrongfully and without authorization assumed control, dominion, or ownership over property. *Van Diest Supply Co. v. Shelby Cty. State Bank*, 425 F.3d 437, 439 (7th Cir. 2005). At issue is whether Bogan has alleged facts sufficient to support a plausible inference that the defendants wrongfully and without authorization assumed control, dominion, or ownership over his property.

The essence of conversion is not acquisition by the wrongdoer. *Peco Pallet, Inc. v. Nw. Pallet Supply Co.*, No. 1:15-CV-06811, 2016 WL 5405107, at *5 (N.D. Ill. Sept. 28, 2016) (citing *Jensen v. Chi. & W. Ind. R.R. Co.*, 94 Ill. App. 3d 915, 932, 419 N.E.2d 578, 593 (Ill. App. Ct. 1981)). Rather, the inquiry focuses on whether the defendant exercised control over the property in a manner inconsistent with the plaintiff's rights. *Id*. To state a claim, a plaintiff must allege that he demanded return of his property and

that the defendant has not returned it. *Id.* at *5. *See generally Kimbrough v. O'Neil*, 523 F.2d 1057, 1059 (7th Cir. 1975) (finding a conversion claim sufficient in a prison / jail context).

Bogan has alleged facts sufficient to support his conversion claim. He alleges that the defendants assumed control of his property when they collected it for transfer to his B-gallery cell. Upon discovering certain items were missing, he demanded their return verbally and through grievance procedures. But his requests were denied. His allegations of ownership, demand, and failure to return are sufficient to state a claim for conversion. Therefore, the Court denies Suero and Markee's motion to dismiss count 4.

## Conclusion

For the foregoing reasons, the Court dismisses Bogan's Eighth Amendment claim against Suero, Markee, and Wiles and his due process claim against Best, George, and Knauer. The Court otherwise denies defendants' motion to dismiss. The defendants are directed to answer the claims that have not been dismissed within 14 days of this order.

Date: March 1, 2017

MATTHEW F. KENNELLY
United States District Judge